IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MATTHEW DANA LINGER,**

    **Plaintiff,**

  v.                                                  Civil Action No. 1:21-CV-102
                                                          (Judge Kleeh)

**KILOLO KIJAKAZI,**
**Commissioner of Social Security,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS**

Pending with the Court is the Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble [ECF No. 32]. Plaintiff filed a pro se Complaint [ECF No. 1] and a pro se Motion for Leave to Proceed in Forma Pauperis [ECF. No. 2]. Plaintiff thereafter retained counsel [ECF Nos. 3, 6, 7] and this matter was referred to the Magistrate Judge, pursuant to the Court's Local Rules, for review and submission of an R&R. On June 21, 2022, Magistrate Judge Trumble issued an R&R recommending that this Court deny Plaintiff's Motion for Summary Judgment [ECF No. 19], grant Defendant's Motion for Summary Judgment [ECF No. 22], affirm the decision of the Commissioner of Social Security, and dismiss Plaintiff's Complaint with prejudice. ECF No. 32. For the following reasons, the Court adopts Magistrate Judge Trumble's R&R and overrules Plaintiff's objections.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS**

I. <u>BACKGROUND</u>

On March 4, 2019, Plaintiff filed an application for disability insurance benefits ("DIB") alleging disability since November 1, 2018. Record, "Notice of Decision", ECF No. 13-2, R. 59. At the hearing before an Administrative Law Judge ("ALJ"), Plaintiff was represented by counsel, and the Vocational Expert ("VE") offered testimony. R. 59. On December 3, 2020, the ALJ entered a decision finding Plaintiff has not been under a disability within the meaning of the Social Security Act from November 1, 2018, through the date of the decision. R. 59. In accordance with the five-step evaluation process described in 10 C.F.R. § 404.1520, the ALJ made the following findings at steps four and five, respectively: (iv) Plaintiff is unable to perform any past relevant work; and (v) there exists a significant number of jobs in the national economy that Plaintiff could perform. R. 69-70. The Appeals Counsel denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1-4.

The matter arises before this Court because Plaintiff, by counsel, filed the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration for denying Plaintiff's claim for DIB under Title II of the Social Security Act. ECF No. 1. The

**Linger v. Commissioner of Social Security**                     **1:21-CV-102**
**ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS**

R&R relies upon the stipulated facts and medical history of the plaintiff in the parties' briefs. ECF Nos. 19, 23. So too does the Court, here. See ECF No. 19-1 at 6-7; ECF No. 23 at 1-6.

## II.   STANDARD OF REVIEW

When reviewing a Magistrate Judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). The R&R informed Plaintiff of his right to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [ECF No. 32 at 18-19]. The R&R further warned that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals" Id. Plaintiff's timely objections were received on July 5, 2022 [ECF No. 33]. Because Plaintiff filed objections, this Court will undertake a de novo review as to those portions of the R&R.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528

(4th Cir. 1998). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal citation omitted). "In reviewing for substantial evidence, [the court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." Id. Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Sec'y of Labor v. Mutual Mining, Inc. 80 F.3d 110, 113, (4th Cir. 1996) (quoting Conolo . Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

An ALJ's evaluation of a claimant's credibility must be given great deference. Specifically, it has been held that an ALJ's credibility determination should only be reversed "if the claimant can show it was 'patently wrong.'" O'Connor v. Comm'r of Soc. Sec., 794 F.Supp.2d 667, 672 (N.D.W. Va. 2011) (citing Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000)). This is in part because the ALJ had "the opportunity to observe the demeanor and to determine the credibility of the Claimant, the ALJ's observations concerning

these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (citing Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976)).

### III. DISCUSSION

The Magistrate Judge recommended that this matter be dismissed because the Commissioner's decision to deny Plaintiff's claim for disability insurance benefits contained no legal error and was supported by substantial evidence. ECF No. 32 at 18. Plaintiff objected, claiming (1) the ALJ did not build a logical bridge between his findings and the Residual Functional Capacity ("RFC"); (2) the ALJ erred in assessing the record and applying 20 C.F.R § 1520c; and (3) the Appeals Council erred in its conclusions regarding the new evidence submitted. ECF No. 33.

**A. First Objection**

In his first objection, Plaintiff restates his argument briefed in his Motion for Summary Judgment. See ECF No. 19-1 at 8-12. In sum, Plaintiff, in his Motion for Summary Judgment and Objections to R&R, asserts the ALJ failed to build the logical bridge from Plaintiff's mental limitations to the conclusions reached in the residual functional capacity ("RFC"), or adequately explain the rationale for the deviation. Id. The Court upholds the R&R on this ground.

The ALJ must build a logical bridge between the evidence and

**Linger v. Commissioner of Social Security**                    **1:21-CV-102**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS**

the conclusions reached, and must only provide enough discussion for the reviewing Court to meaningfully review. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016); Macio v. Colvin, 780 F.3d 632, 636-37 (4th Cir. 2015). There is a five-step sequential evaluation process to determine whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement [of twelve months] . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §§ 404.1520(a), 416.920(a). "If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional capacity ("RFC") based on all the relevant medical and other evidence in your case record, as explained in § 404.1545." 20 C.F.R. §§ 404.1520(e), 416.920(e).

> (iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment

6

> to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520, 416.920. The ALJ found that Plaintiff possessed the following mental limitations at step three: moderate limitations in understanding, remembering, or applying information; mild limitations in interacting with others; moderate limitations in his ability to concentrate, persist, or maintain pace; and moderate limitations in his ability to adapt or manage himself. R. 63. The ALJ found despite these limitations, Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). R. 64. The ALJ went on to limit certain work in the RFC, and explain that work responsibilities would need to be explained to Plaintiff ahead of time and implemented gradually over time. R. 64.

Plaintiff complains that the Magistrate Judge erred by discussing this reasoning as it was "the ALJ's duty to provide the link and cite the evidence to support the logical bridge." ECF No. 32 at 8. However, the Magistrate Judge correctly stated that the ALJ clearly considered Plaintiff's mental limitations in its decision: "[t]he following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." ECF No. 32 at 10; R. 63.

The Magistrate Judge correctly recommended the Court find that the ALJ found substantial evidence to support the RFC assessment.

**B. Second Objection**

In his second objection, Plaintiff again takes issue with the Magistrate Judge's recommendation on Plaintiff's second argument raised in summary judgment: Plaintiff argues that the ALJ erred by failing to adequately consider the supportability consideration of the opinions of Rod McCullough, MA, and Tony Goudy, Ph.D. in relation to the record as a whole. ECF No. 19-1 at 12-19; ECF No. 33 at 9. Plaintiff's issue with the Magistrate Judge's recommendation on this assertion is that the Magistrate Judge erred by noting sufficient articulation of evidentiary support in the record. Plaintiff attempts to reiterate his summary judgment arguments by objecting to the R&R.

The Magistrate Judge noted that the ALJ must articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c, 416.920c. "[T]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be." Id. Indeed, "ALJs are not bound by findings made by State agency or other program physicians and psychologists, but they may not

Case 1:21-cv-00102-TSK-RWT   Document 34   Filed 09/22/22   Page 9 of 12   PageID #: 1155

**Linger v. Commissioner of Social Security**                    **1:21-CV-102**
**ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS**

ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6P, 1996 WL 374180, *2 (S.S.A. July 2, 1996).

The Court likewise overrules this objection. The Magistrate Judge correctly noted that the ALJ relied on sufficient evidence and articulated the same in his decision. The Magistrate Judge did not fail to facilitate judicial review as Plaintiff asserts, and remand is not warranted. The ALJ adequately described Plaintiff's daily activities when reviewing Plaintiff's testimony in the decision, and cited to the relevant exhibits within the record. See R. 63-67. Many of these include: "perform simple maintenance, go to doctor's appointments, take medications, shop, and drive"; "spend time with friends and family, deal appropriately with authority, and live with others"; "watch TV"; "self-care and personal hygiene, care for children, and get along with caregivers". R. 63-64. The ALJ need not repeat these activities when evaluating medical opinions. ECF No. 32 at 12.

Next, Plaintiff argues the Magistrate Judge erred by dismissing assertions that the ALJ erred by failing to address the third-party report or provide specific articulation, in general. ECF No. 33 at 13. These arguments are likewise without merit. The Magistrate Judge pointed out that, upon weighing all the evidence, the ALJ determined Plaintiff maintained an ability to work and

9

rendered Dr. Goudy's and Mr. McCullough's opinions unpersuasive. The ALJ's decision [ECF No. 13-2] clearly shows consideration of Dr. Goudy's and Mr. McCullough's opinions. See R. 67-68. Plaintiff offers no new evidence or argument here, and simply restates his disagreement with the ALJ's conclusion. The Magistrate Judge did not err and the objection is overruled.

Finally, Plaintiff asserts, in one sentence, that the Magistrate Judge erred by stating that he raised new issues in the reply brief docketed at ECF No. 28. The Magistrate Judge was not in error here, and found that "even if Plaintiff did not waive these arguments, the undersigned nevertheless concludes that they are without merit." ECF No. 32 at 15 n.5. Plaintiff's objection is overruled.

### C. Third Objection

Finally, Plaintiff argues a third objection to the R&R, which was also argued during summary judgment stage: whether the Appeals Council erred in its assessment of additional evidence. Plaintiff asserts that the Appeals Council's finding was in error because the reports of Rod McCullough, MA, and Tony Goudy, Ph.D., are new and would provide enlightenment in assessing persuasiveness. Plaintiff specifically argues the Magistrate Judge "misstated and misapplied the law regarding new evidence" by finding that the "new evidence does not show a reasonable probability that it would

change the outcome of the decision and thus properly addressed it under 20 C.F.R. § 404.970(a)(5)." ECF No. 33 at 13-14.

The Court affirms the R&R on this ground. The Magistrate Judge correctly stated the law. The Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). Further, the Magistrate Judge correctly stated that the Appeals Council is not required to "articulate its own assessment of the additional evidence" nor "announce detailed reasons for finding that the [additional] evidence did not warrant a change in the ALJ's decision." Hollar v. Comm'r of Soc. Sec., 194 F.3d 1304 (Table), 1999 WL 753999, at *1 (4th Cir. 1999).

Plaintiff's core issue is the Magistrate Judge's ultimate recommendation that this Court uphold the determination of the Appeals Council, arguing that the Magistrate failed to evaluate whether the record supported the evidence for the Appeals Council's decision that the new evidence did not show a reasonable probability that it would change the outcome of the decision pursuant to 20 C.F.R. § 404.970(a)(5). After the ALJ issued his decision, Plaintiff solicited "responses" from Dr. Goudy and Mr. McCullough clarifying their previous medical opinions and,

**Linger v. Commissioner of Social Security**                    1:21-CV-102

**ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS**

admittedly described by Plaintiff as attacking the ALJ's findings. R. 28-30, 89-91; ECF No. 19-1 at 20. The Magistrate Judge correctly noted that the Appeals Council properly declined review pursuant to 20 C.F.R. § 404.970(a)(5) after determining there was no reasonable probability that the responses would change the outcome of the ALJ's decision. ECF No. 32 at 17; see Tabb v. Comm'r of Soc. Sec., 2022 WL 910609, at *1 (4th Cir. Mar. 29, 2022).

### IV. CONCLUSION

Upon careful review and finding no error of fact or law, the Court **ORDERS** that the Magistrate Judge's Report and Recommendation [ECF No. 32] is **ADOPTED** for the reasons stated herein. Plaintiff's Motion for Summary Judgment [ECF No. 19] is **DENIED,** and Defendant's Motion for Summary Judgment [ECF No. 22] is **GRANTED**. Plaintiff's objections [ECF No. 33] are **OVERRULED** and the Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**. **The Clerk is DIRECTED to strike this matter from the Court's active docket.**

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

**DATED**: September 22, 2022

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA